UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 24-114-1-ART |
| | ) | |
| v. | ) | |
| | ) | |
| MARICO KEELING, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Marico Keeling currently faces charges for conspiring to distribute fentanyl, cocaine, and methamphetamine and for distributing methamphetamine and fentanyl.  R. 65.  After Keeling's case resulted in a mistrial, he moved for bail pending retrial.  R. 62.  The court denied that motion.  R. 68.  Keeling now moves for reconsideration of the court's decision to deny bail pending his retrial.  R. 125.  But he hasn't identified any new information that affects whether bail conditions could reasonably assure his appearance or the safety of the community.  So the motion for reconsideration of bail is **DENIED**.

A defendant may be detained pending trial if the court finds that no condition or combination of conditions will reasonably assure the defendant's appearance or protect the safety of the community.  18 U.S.C. § 3142(e)(1).  And there's a rebuttable presumption that no such conditions exist if there is probable cause that the defendant committed certain drug offenses like the ones that Keeling is charged with.  *See id.* § 3412(e)(3); *see also* 21 U.S.C. § 841(b)(1)(B).  If the court orders detention, a defendant may later move to reopen that determination if (1) there is

new information that wasn't known to him at the time of the previous bail hearing and (2) that new information materially affects whether there are any conditions of release that would reasonably assure his appearance or the safety of the community.  18 U.S.C. § 3142(f).  Because Keeling can't satisfy either of those requirements, his motion for reconsideration fails.

First, Keeling hasn't identified any new information that he didn't know at the time of the court's previous bail decision.  He primarily attacks the strength of the case against him because his first trial resulted in a hung jury.  According to Keeling, "[t]he questionable weight of the evidence is assurance that [he] has no reason to avoid appearing in this case or further jeopardize his position by endangering the community."  R. 125, Pg. ID 1761.  But a defendant's assessment of the strength of the case against him isn't enough to justify reopening a bail determination.  *United States v. Jerdine*, No. 08-CR-481 (LBW), 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009).  Rather, there must be "truly changed circumstances, something unexpected, or a significant event."  *Id.*  None is present here.

Keeling primarily points to a new video of a post-arrest interview with A.C., who was a drug dealer and cooperating witness for the government.  R. 125, Pg. ID 1760.  Keeling explains that in the video, government agents accuse A.C. of lying about the source of her narcotics, which creates new doubts about her testimony that Keeling was her primary supplier.  *Id.*  But at Keeling's first trial, his counsel vigorously cross-examined A.C. about her credibility and the identity of her supplier.  *See* R. 70, Pg. ID 393–406, 408–15.  So obtaining one additional means to attack A.C.'s credibility isn't a significant enough event to justify revisiting the court's decision to deny bail pending his retrial.

Additionally, Keeling emphasizes that he recently learned the Drug Enforcement Administration destroyed the narcotics that A.C. allegedly purchased from him.  R. 125, Pg. ID

1760.  But the parties don't dispute that the seized drugs were methamphetamine and fentanyl.  In fact, Keeling previously stipulated to that fact.  R. 50, Pg. ID 230–31.  In light of this admission, Keeling provides no explanation for how the destruction of the drugs undermines the strength of the case against him.  So this supposedly "new information" doesn't warrant revisiting the court's bail decision either.

Second, even if there were truly new information here, it wouldn't materially affect whether any conditions of release could reasonably protect the community.  For starters, Keeling has a long history of drug trafficking dating back almost 20 years.  R. 8, Pg. ID 43.  That alone demonstrates the danger he'd pose to the community if released.  *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) (collecting cases).  And despite his assurances to the contrary, there's reason to believe he'd return to drug trafficking if released pending trial.  After all, Keeling allegedly committed the drug-trafficking offenses at issue here while on probation and bond for similar state drug charges.  R. 8, Pg. ID 45.  What's more, Keeling's criminal record isn't limited to drug-trafficking offenses.  Rather, he's been convicted of violent felonies including assault and robbery.  *See id.* at 43.  This criminal history simply underscores the danger he'd pose to the community if released.

Likewise, any new information wouldn't materially affect whether conditions of release could reasonably assure Keeling's appearance at trial.  If convicted, he faces a mandatory minimum of five years' imprisonment and could receive up to 40 years' imprisonment.  *See* 21 U.S.C. § 841(b)(1)(B).  Such a lengthy potential sentence provides a strong incentive for Keeling to flee rather than face trial.  Plus, Keeling has a track record of failing to appear for court, which has twice resulted in contempt charges.  R. 8, Pg. ID 43–44.  And he's sought to subvert the judicial process in the past by tampering with evidence.  *Id.* at 43 (listing a state conviction for tampering

with evidence).  So the substantial sentence that Keeling faces and his previous failures to obey court orders indicate that no conditions of release could reasonably assure his appearance.

It is **ORDERED** that the motion for reconsideration of bond, R. 125, is **DENIED**.

This the 24th day of February, 2026.

BY THE COURT:

Amul R. Thapar
United States Circuit Judge
Sitting by Designation

4