UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 24-114-1-ART |
| | ) | |
| v. | ) | |
| | ) | |
| MARICO KEELING, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

The defendant Marico Keeling and the government have both filed proposed jury instructions and verdict forms as well as objections to each other's proposals. *See* R. 138, 139, 140, 142. For the following reasons, Mr. Keeling's objections are SUSTAINED in part and OVERRULED in part, and the government's objections are SUSTAINED in part and OVERRULED in part. All of these rulings are preliminary and for the parties' benefit. Upon request, the Court is willing to revisit them at the Charge Conference.

*First*, the government's proposed instruction for the elements of conspiracy. R. 138, Pg. ID 1906–10. Mr. Keeling objects to language that states, "Nor is a *single transaction* between a buyer and a seller sufficient to establish the existence of a conspiracy." R. 140, Pg. ID 1956 (quoting R. 138, Pg. ID 1907). That language comes directly from the Sixth Circuit Pattern Jury Instructions. *See* Sixth Circuit Pattern Jury Instruction 14.05(3)(A)(1). Instead, Mr. Keeling requests that the instruction state, "Nor are *mere sales* between a buyer and a seller sufficient to establish the existence of a conspiracy." R. 140, Pg. ID 1956. It's true the Sixth Circuit has stated

that "mere sales do not prove the existence of the agreement that must exist for there to be a conspiracy." *United States v. Anderson*, 89 F.3d 1306, 13100 (6th Cir. 1996). But the next sentences make clear that *Anderson* simply stands for the proposition that a single sale on its own doesn't suffice. *See id.* (explaining that a "mere buyer/seller relationship alone does not support [a] conspiracy conviction, but evidence of repeat purchases or some other enduring arrangement that implies knowledge of the scope of the conspiracy may be sufficient" (quotation omitted)). And the Sixth Circuit has more recently reaffirmed that repeated drug transactions can be sufficient for a jury to infer the existence of a drug-distribution conspiracy. *See, e.g.*, *United States v. Potter*, 927 F.3d 446, 453–54 (6th Cir. 2019). So the language of the Sixth Circuit Pattern Jury Instruction correctly states the law. Thus, Mr. Keeling's objection to the conspiracy instruction is OVERRULED.

*Second*, Mr. Keeling's proposed instruction on the buyer-seller relationship. R. 139, Pg. ID 1951. Mr. Keeling requests an instruction that the mere existence of a buyer-seller relationship, without more, isn't enough to establish a conspiracy. *Id.* The government objects to this instruction, arguing that it's not necessary because the conspiracy instruction makes that point clear. R. 142, Pg. ID 1997. The Court has "broad discretion in drafting jury instructions," and Mr. Keeling's proposed instruction will ensure that the jury doesn't convict him of conspiracy solely based on a buyer-seller relationship. *United States v. Prince*, 214 F.3d 740, 761 (6th Cir. 2000); *see Potter*, 927 F.3d at 454. So the Court will give an instruction on the buyer-seller relationship.

But the government notes that Mr. Keeling's proposed instruction doesn't accurately reflect the law. For example, it states that the jury "must look for evidence of a mutual understanding beyond isolated or repeated transactions." R. 139, Pg. ID 1951. As noted above,

2

repeated transactions can suffice to establish a drug-distribution conspiracy.  *Potter*, 927 F.3d at 453–54.  So the Court will strike "or repeated" from the instruction.  *See United States v. Reed*, 72 F.4th 174, 184–85 (6th Cir. 2023).  The government also objects to language in the proposed instruction that there must be "an agreement . . . to advance the goals of a larger drug trafficking operation."  R. 139, Pg. ID 1951; R. 142, Pg. ID 1995.  Mr. Keeling identifies no caselaw—nor is the Court aware of any—requiring the conspiracy to involve a "larger drug trafficking operation." So the Court will amend the sentence to read, "an agreement . . . to advance the goals of the conspiracy."  Finally, the government requests that the instruction inform "the jury that it can consider advance planning, repeat transactions/repeat purchases, evidence of credit sales/fronting[,] and purchases of a large volume of drugs as evidence of the defendant's involvement in a conspiracy."  R. 142, Pg. ID 1997.  Because the Sixth Circuit has held that a jury may consider those factors in determining whether a conspiracy existed, the Court will include that language in the buyer-seller instruction.  *See United States v. Cole*, 59 F. App'x 696, 700 (6th Cir. 2003).  In sum, the government's objection to the buyer-seller instruction is SUSTAINED in part and OVERRULED in part.

*Third*, Mr. Keeling's proposed instructions on multiple conspiracies.  R. 139, Pg. ID 1951–52.  The government objects to these instructions, arguing that they are "unnecessary, cumulative, and highly confusing."  R. 142, Pg. ID 1998.  A district court doesn't need to give a multiple-conspiracies instruction "where only one conspiracy is alleged and proved."  *United States v. Ghazaleh*, 58 F.3d 240, 244 (6th Cir. 1995) (quotation omitted).  The second superseding indictment here alleges only one conspiracy.  R. 65, Pg. ID 315–16.  So the decision whether or not to give the instruction then turns on "the proofs at trial."  *Ghazaleh*, 58 F.3d at 244.  But of course, we don't yet know what evidence will be presented at trial.  So Mr. Keeling's request for

a multiple-conspiracies instruction is DENIED without prejudice. If there is evidence of multiple conspiracies at trial, he is free to raise this request again.

*Fourth*, the verdict form. Mr. Keeling requests a question asking the jurors to specifically identify his co-conspirators. R. 139, Pg. ID 1953. For starters, special verdict forms are generally disfavored in criminal cases—except for issues like drug quantities that affect mandatory minimums—because they risk confusing the jury. *See United States v. Blackwell*, 459 F.3d 739, 766 (6th Cir. 2006). What's more, the identity of Mr. Keeling's alleged co-conspirators isn't an element of the offense. *See Rogers v. United States*, 340 U.S. 367, 375 (1951) (explaining that "the identity of the other members of the conspiracy is not needed" to prove a conspiracy charge because a defendant "can be convicted of conspiring with persons whose names are unknown"). And Mr. Keeling hasn't identified a single case—nor is the Court aware of any—that requires the jury to identify the co-conspirators' identities on the verdict form. In fact, the Sixth Circuit has held the opposite, upholding a district court's refusal to ask that question on a verdict form. *See Blackwell*, 459 F.3d 766–67. So Mr. Keeling's objection to the government's proposed verdict form is OVERRULED.

The Court will hold a final Charge Conference at the close of evidence. The Court provides these rulings to aid the parties, but these rulings are preliminary in nature and subject to reconsideration upon request of the parties. The Court also provides a preliminary copy of the jury instructions and verdict form, which are subject to revision based on the evidence presented at trial and discussion at the Charge Conference.

In sum, it is **ORDERED** that:

(1) Mr. Keeling's objections to the government's proposed jury instructions and verdict form are **SUSTAINED** in part and **OVERRULED** in part;

(2) The government's objections to Mr. Keeling's proposed jury instructions and verdict form are **SUSTAINED** in part and **OVERRULED** in part;

(3) The government shall submit a list of exhibits and witnesses by the close of business on Thursday, May 7.

It is so ordered.

This the 5th day of May, 2026.

BY THE COURT:

_____

Amul R. Thapar
United States Circuit Judge
Sitting by Designation

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | **Case No. 1:24-cr-114** |
| **v.** | **:** | |
| | **:** | |
| **MARICO KEELING,** | **:** | **Judge Amul R. Thapar** |
| | **:** | |
| **Defendant.** | **:** | |

## JURY INSTRUCTIONS

# INDEX

GENERAL RULES—INTRODUCTION ........................................................................ 4

JURORS' DUTIES .................................................................................................... 5

PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT ... 6

EVIDENCE DEFINED ............................................................................................... 8

CONSIDERATION OF EVIDENCE ............................................................................ 9

DIRECT AND CIRCUMSTANTIAL EVIDENCE ......................................................... 10

CREDIBILITY OF WITNESSES .............................................................................. 11

LAWYERS' OBJECTIONS ...................................................................................... 13

DEFINING THE CRIMES AND RELATED MATTERS INTRODUCTION ........................ 14

SEPARATE CONSIDERATION—SINGLE DEFENDANT CHARGED WITH MULTIPLE CRIMES .............................................................................................................. 15

DATES ................................................................................................................ 16

COUNT ONE—ELEMENTS OF CONSPIRACY ......................................................... 17

COUNT ONE—FURTHER INSTRUCTIONS ON TERMS USED ................................... 22

BUYER-SELLER RELATIONSHIP .......................................................................... 25

COUNT TWO—ELEMENTS OF DISTRIBUTION OF METHAMPHETAMINE ................ 27

COUNT THREE—ELEMENTS OF DISTRIBUTION OF METHAMPHETAMINE .............. 28

COUNT FOUR—ELEMENTS OF DISTRIBUTION OF FENTANYL ................................ 29

COUNTS TWO, THREE, AND FOUR—FURTHER INSTRUCTION ON TERMS USED ..... 30

TESTIMONY AND EVIDENCE—INTRODUCTION ..................................................... 31

CREDIBILITY OF WITNESSES—LAW ENFORCEMENT OFFICERS ............................ 32

WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS ....................................... 33

TESTIMONY OF A WITNESS UNDER GRANT OF IMMUNITY OR REDUCED CRIMINAL LIABILITY .......................................................................................... 34

INFERRING REQUIRED MENTAL STATE ................................................................ 35

DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE ...................... 36

OTHER ACTS OF THE DEFENDANT ...................................................................... 37

SECONDARY-EVIDENCE SUMMARIES ADMITTED IN EVIDENCE ............................ 38

DELIBERATIONS AND VERDICTS—INTRODUCTION .............................................. 39

EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE COMMUNICATIONS . 41

UNANIMOUS VERDICT ........................................................................................ 43

UNANIMITY REQUIRED DETERMINING AMOUNTS OF CONTROLLED SUBSTANCES .................................................................................................................................... 44

DUTY TO DELIBERATE .............................................................................................. 46

PUNISHMENT.............................................................................................................. 47

VERDICT FORM .......................................................................................................... 48

VERDICT LIMITED TO CHARGES AGAINST THIS DEFENDANT ................................. 49

COURT HAS NO OPINION.......................................................................................... 50

JUROR NOTES ............................................................................................................ 51

FINAL INSTRUCTION ON HOW TO DELIBERATE..................................................... 52

## **GENERAL RULES—INTRODUCTION**[1]

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.   I will start by explaining your duties and the general rules that apply in every criminal case.   Then I will explain the elements, or parts, of the crimes that the Defendant, Marico Keeling, is accused of committing. I next will explain some rules that you must use in evaluating particular testimony and evidence.   And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

---

[1] Sixth Circuit Pattern Jury Instruction 1.01.

4

## JURORS' DUTIES[2]

You have two main duties as jurors.   The first one is to decide what the facts are from the evidence that you saw and heard here in court.   Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.   It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.   This includes the instructions that I gave you before and during the trial, and these instructions.   All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments.   But if what they said is different from what I say, you must follow what I say.   What I say about the law controls.

Perform these duties fairly.   Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases.   You should not be influenced by stereotypes based on any person's age, race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.

---

[2]  Sixth Circuit Pattern Jury Instruction 1.02.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT[3]

As you know, the Defendant, Marico Keeling, has pleaded not guilty to the crimes charged in the Second Superseding Indictment.  The Second Superseding Indictment is not any evidence at all of guilt.  It is just the formal way that the Government tells the Defendant what crimes he is accused of committing.   It does not even raise any suspicion of guilt.

Instead, the Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the Government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means that the Defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.   It is up to the Government to prove that he is guilty, and this burden stays on the Government from start to finish.  You must find the Defendant not guilty of a particular crime unless the Government convinces you beyond a reasonable doubt that he is guilty of that crime.

The Government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common

---

[3]  Sixth Circuit Pattern Jury Instruction 1.03.

6

sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the Defendant guilty beyond a reasonable doubt on a particular count, say so by returning a guilty verdict on that count. If you are not convinced, say so by returning a not guilty verdict on that count.

## **EVIDENCE DEFINED**[4]

You must make your decision based only on the evidence that you saw and heard here in court.   Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence.

Nothing else is evidence.   The lawyers' statements and arguments are not evidence.   Their questions and objections are not evidence.   My legal rulings are not evidence.   And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked.   I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.   And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.   You must completely ignore all of these things.   Do not even think about them.   Do not speculate about what a witness might have said or what an exhibit might have shown.   These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

---

[4] Sixth Circuit Pattern Jury Instruction 1.04.

## CONSIDERATION OF EVIDENCE[5]

You are to consider only the evidence in the case.  You should use your common sense in weighing the evidence.  Consider the evidence in light of your everyday experience with people and events and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists.  In law, we call this an "inference."  A jury is allowed to make reasonable inferences, unless otherwise instructed.  Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the Government to the Defendant.

---

[5] Sixth Circuit Pattern Jury Instruction 1.05.

9

## **DIRECT AND CIRCUMSTANTIAL EVIDENCE**[6]

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.   If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.   If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence.   The law makes no distinction between the weight that you should give to either one or say that one is any better evidence than the other.   You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

---

[6] Sixth Circuit Pattern Jury Instruction 1.06.

## CREDIBILITY OF WITNESSES[7]

Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

---

[7] Sixth Circuit Pattern Jury Instruction 1.07.

11

Ask yourself if the witness had any relationship to the Government or the Defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.   If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.   Sometimes it may; other times it may not.   Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence.   Was the witness's testimony supported or contradicted by other evidence that you found believable?   If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.   Use your common sense and your everyday experience in dealing with other people.   And then decide what testimony you believe, and how much weight you think it deserves.

## **<u>LAWYERS' OBJECTIONS</u>**[8]

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The lawyers for both sides objected to some of the things that were said or done during the trial.   Do not hold that against either side.   The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.   Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.   My rulings were based on the rules of evidence, not on how I feel about the case.   Remember that your decision must be based only on the evidence that you saw and heard here in court.

---

[8]  Sixth Circuit Pattern Jury Instruction 1.09.

## **DEFINING THE CRIMES AND RELATED MATTERS**
## **INTRODUCTION[9]**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the Defendant is accused of committing.

But before I do that, I want to emphasize that the Defendant is only on trial for the particular crimes charged in the Second Superseding Indictment.   Your job is limited to deciding whether the Government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes or for any other crime is not a proper matter for you to consider.   The possible guilt of others is no defense to a criminal charge.   Your job is to decide if the Government has proved this Defendant guilty of the crimes charged.   Do not let the possible guilt of others influence your decision in any way.

---

[9] Sixth Circuit Pattern Jury Instruction 2.01.

14

## <u>SEPARATE CONSIDERATION—SINGLE DEFENDANT CHARGED WITH MULTIPLE CRIMES</u>[10]

The Defendant has been charged in four separate counts.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

---

[10]  Sixth Circuit Pattern Jury Instruction 2.01A.

## **DATES**[11]

Next, I want to say a word about the dates mentioned in the Second Superseding Indictment.

The Second Superseding Indictment charges in Count One that the conspiracy occurred beginning in at least August 2023 and continued through at least on or about October 9, 2024.  Likewise, it charges in Count Two that the Defendant distributed a mixture or substance containing a detectable amount of methamphetamine on or about December 9, 2023, and it charges in Count Three that he distributed a mixture or substance containing a detectable amount of methamphetamine on or about December 19, 2023.  Finally, it charges in Count Four that he distributed mixture or substance containing a detectable amount of fentanyl on or about December 19, 2023.   The Government does not have to prove that the crimes happened on these exact dates or during that exact period.   But the Government must prove that the crimes happened reasonably close to these dates.

---

[11]  Sixth Circuit Pattern Jury Instruction 2.04.

16

## <u>COUNT ONE—ELEMENTS OF CONSPIRACY</u>[12]

Count One of the Second Superseding Indictment charges the Defendant, Marico Keeling, with conspiracy to distribute and possess with intent to distribute controlled substances, specifically fentanyl, cocaine, and methamphetamine.   It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership.   For you to find the Defendant guilty of the conspiracy charge, the Government must prove each and every one of the following elements beyond a reasonable doubt:

(A) First, that two or more persons conspired, or agreed, to distribute or possess with intent to distribute a controlled substance;

(B) Second, that the Defendant knew of the conspiracy and its objects, aims, or goals; and

(C) Third, that the Defendant joined the conspiracy with the intent that at least one of the conspirators engage in conduct that satisfies the elements of distribution of a controlled substance or possession of a controlled substance with intent to distribute.

---

[12]   Sixth Circuit Pattern Jury Instructions 14.01, 14.02A, 14.05.

I will give you below more detailed explanation of the elements and further explanation of some of the terms used.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict as to Count One.   If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty on Count One.

**First Element**

With regard to the first element—a criminal agreement—the Government must prove that two or more persons conspired, or agreed, to cooperate with each other to distribute a controlled substance or possess with intent to distribute a controlled substance.

Proof of conspiracy does not require proof of any formal agreement, written or spoken.  Nor does this require proof that everyone involved agreed on all the details.  But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.  Nor is a single transaction between a buyer and a seller sufficient to establish the existence of a conspiracy.   These are things that you may consider in deciding whether the Government has proved an agreement.   But without more they are not enough.

What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other

18

to distribute a controlled substance or possess a controlled substance with intent to distribute that substance.   This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed.   But it is up to the Government to convince you that such facts and circumstances existed in this particular case.

One more point about the agreement.   The Second Superseding Indictment accuses the Defendant of conspiring to commit two drug crimes.   The Government does not have to prove that the Defendant agreed to commit both of these crimes. But the Government must prove an agreement to commit at least one of them for you to return a guilty verdict on the conspiracy charge.

### Second and Third Elements

With regard to the second and third elements—the Defendant's connection to the conspiracy—the Government must prove that the Defendant knew of the conspiracy and its objects, aims, or goals and joined the conspiracy with the intent that at least one conspirator engage in conduct that satisfies the elements of distribution of a controlled substance or possession of a controlled substance with intent to distribute that substance.

Proof of conspiracy does not require proof that the Defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning.   Nor does it require proof that the Defendant played

19

a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

Further, this does not require proof that the Defendant knew the drug involved was fentanyl, cocaine, or methamphetamine. It is enough that the Defendant knew that it was some kind of controlled substance. Nor does this require proof that the Defendant knew how much fentanyl, cocaine, or methamphetamine was involved. It is enough that the Defendant knew that some quantity was involved.

But proof that the Defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because the Defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the Government has proved that the Defendant joined a conspiracy. But without more they are not enough.

The Defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew of the conspiracy and its objects, aims, or goals. It is up to the Government to convince you that such facts and circumstances existed in this particular case.

Finally, I want to explain to you the elements of the two drug crimes that the Defendant is accused of conspiring to commit. The Government does not have to prove that the Defendant agreed to commit both crimes. But the Government must

20

prove an agreement to commit at least one of them for you to return a guilty verdict on the conspiracy charge.

(1) To satisfy the elements of possession of a controlled substance with intent to distribute the Government must prove: (A) first, that the Defendant or at least one of his conspirators knowingly or intentionally possessed a controlled substance; and (B) second, that the Defendant or the conspirator intended to distribute that substance.

(2) To satisfy the elements of distribution of a controlled substance the Government must prove: (A) first, that the Defendant or at least one of his conspirators knowingly or intentionally distributed a controlled substance; and (B) second, that the Defendant or the conspirator knew at the time of distribution that the substance was a controlled substance.

## <u>COUNT ONE—FURTHER INSTRUCTIONS ON TERMS USED</u>[13]

Now I will give you further instructions on some terms used in the explanation of the elements of Count One:

Regarding possession, the Government does not necessarily have to prove that the Defendant or conspirator physically possessed the controlled substance for you to find him guilty of this crime.  The law recognizes two kinds of possession— actual possession and constructive possession.   Either one of these, if proved by the Government, is enough to convict.

To establish actual possession, the Government must prove that the Defendant or a conspirator had direct, physical control over the controlled substance, and knew that he or she had control of them.

To establish constructive possession, the Government must prove that the Defendant or a conspirator had the right to exercise physical control over the controlled substance, and knew that he or she had this right, and that he or she intended to exercise physical control over the controlled substance at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

---

[13]   Sixth Circuit Pattern Jury Instruction 14.01, 14.02A, 14.05, 2.10, 2.10A, and 2.11

But understand that just being present where something is located does not equal possession.

One more thing about possession. The Government does not have to prove that the Defendant or a conspirator was the only one who had possession of the controlled substance. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

But remember that just being present with others who had possession is not enough to convict. The Government must prove that the Defendant or a conspirator had either actual or constructive possession of the controlled substance, and that the Defendant knew that.

To prove that the Defendant or conspirator "knowingly" possessed a controlled substance, the Defendant or conspirator did not have to know the specific controlled substance. It is enough that the Defendant or conspirator knew that it was some kind of controlled substance. Further, the Defendant or conspirator did not have to know how much of the controlled substance he or she possessed. It is enough that the Defendant or conspirator knew that he or she possessed some quantity of a controlled substance.

The term "distribute" means the Defendant or conspirator delivered or transferred a controlled substance. The term distribute includes the actual,

23

constructive, or attempted transfer of a controlled substance.  The term distribute includes the sale of a controlled substance.

The phrase "intended to distribute" means the Defendant or conspirator intended to deliver or transfer a controlled substance sometime in the future.  To distribute a controlled substance, there need not be an exchange of money.

In determining whether the Defendant or conspirator had the intent to distribute or knowingly distributed narcotics, you may consider all the facts and circumstances shown by the evidence, including the Defendant's words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone.  You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs.  The law does not require you to draw such an inference, but you may draw it.

## **BUYER-SELLER RELATIONSHIP**[14]

Defendant Marico Keeling is charged with conspiracy to distribute controlled substances under federal law.  To find the defendant guilty of conspiracy, the government must prove beyond a reasonable doubt that there was an agreement between two or more persons to distribute or possess with intent to distribute controlled substances, and that the defendant knowingly and voluntarily joined that agreement intending to help achieve its objectives.

However, the mere existence of a buyer-seller relationship between the defendant and another person, standing alone, is not sufficient to establish that the defendant was a member of the charged conspiracy.

Even if you find that the defendant sold drugs to another person or purchased drugs from another person, that alone does not prove that the defendant was part of a conspiracy.  A buyer-seller relationship, without more, does not show an agreement to further distribute drugs or a shared intent to advance the goals of the conspiracy.

In determining whether the government has proven the existence of a conspiracy and the defendant's membership in it, you must look for evidence of a mutual understanding beyond isolated transactions.  You may consider the nature, frequency, and circumstances of any such transactions, but only if you find that they support the existence of an unlawful agreement to distribute controlled substances.

---

[14] *United States v. Cole*, 59 F. App'x 696,699–700 (6th Cir. 2003).

You may also consider advance planning, repeat transactions, evidence of credit extended, and purchases of a large volume of drugs as evidence of the defendant's involvement in a conspiracy.

If the government fails to prove beyond a reasonable doubt that the defendant knowingly joined in a conspiracy to distribute controlled substances, you must find the defendant not guilty of the conspiracy charge.

26

## COUNT TWO—ELEMENTS OF DISTRIBUTION OF METHAMPHETAMINE[15]

Count Two of the Second Superseding Indictment charges the Defendant, Marico Keeling, with knowingly and intentionally distributing fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine on or about December 9, 2023.   Methamphetamine is a controlled substance.   For you to find the Defendant guilty of Count Two, you must find that the Government has proved both of the following elements beyond a reasonable doubt:

(A) First, that the Defendant knowingly or intentionally distributed a mixture or substance containing a detectable amount of methamphetamine; and

(B) Second, that the Defendant knew at the time of distribution that the substance was a controlled substance.

If you are convinced that the Government has proved both of these elements, say so by returning a guilty verdict on Count Two.   If you have a reasonable doubt about either of these elements, then you must find the Defendant not guilty of Count Two.

---

[15]   Sixth Circuit Pattern Jury Instruction 14.02A.

27

## COUNT THREE—ELEMENTS OF DISTRIBUTION OF METHAMPHETAMINE[16]

Count Three of the Second Superseding Indictment charges the Defendant, Marico Keeling, with knowingly and intentionally distributing fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine on or about December 19, 2023.  As I said a moment ago, methamphetamine is a controlled substance.  For you to find the Defendant guilty of Count Three, you must find that the Government has proved both of the following elements beyond a reasonable doubt:

(A) First, that the Defendant knowingly or intentionally distributed a mixture or substance containing a detectable amount of methamphetamine; and

(B) Second, that the Defendant knew at the time of distribution that the substance was a controlled substance.

If you are convinced that the Government has proved both of these elements, say so by returning a guilty verdict on Count Three.   If you have a reasonable doubt about either of these elements, then you must find the Defendant not guilty of Count Three.

---

[16]   Sixth Circuit Pattern Jury Instruction 14.02A.

28

## COUNT FOUR—ELEMENTS OF DISTRIBUTION OF FENTANYL[17]

Count Four of the Second Superseding Indictment charges the Defendant, Marico Keeling, with knowingly and intentionally distributing forty (40) grams or more of a mixture or substance containing a detectable amount of fentanyl on or about December 19, 2023. Fentanyl is a controlled substance. For you to find the Defendant guilty of Count Four, you must find that the Government has proved both of the following elements beyond a reasonable doubt:

(A) First, that the Defendant knowingly or intentionally distributed a mixture or substance containing a detectable amount of fentanyl; and

(B) Second, that the Defendant knew at the time of distribution that the substance was a controlled substance.

If you are convinced that the Government has proved both of these elements, say so by returning a guilty verdict on Count Four. If you have a reasonable doubt about either of these elements, then you must find the Defendant not guilty of Count Four.

---

[17] Sixth Circuit Pattern Jury Instruction 14.02A.

29

**COUNTS TWO, THREE, AND FOUR—FURTHER INSTRUCTION ON TERMS USED**[18]

Now I will give you further instructions on some terms used in the explanation of the elements of Counts Two, Three, and Four:

The term "distribute" means the Defendant delivered or transferred a controlled substance.  The term distribute includes the actual, constructive, or attempted transfer of a controlled substance.  The term distribute also includes the sale of a controlled substance.

To prove that the Defendant "knowingly" distributed methamphetamine or fentanyl, the Defendant did not have to know that the substance contained a detectable amount of methamphetamine or fentanyl.  It is enough that the Defendant knew that it was some kind of controlled substance.

Further, the Defendant did not have to know how much of the methamphetamine or fentanyl he distributed.  It is enough that the Defendant knew that he distributed some quantity of a controlled substance.

---

[18]  Sixth Circuit Pattern Jury Instruction 14.02A.

30

## **TESTIMONY AND EVIDENCE—INTRODUCTION**[19]

That concludes the part of my instructions explaining the elements of the crimes charged.   Next, I will explain some rules that you must use in considering some of the testimony and evidence in this case.

---

[19]   Sixth Circuit Pattern Jury Instruction 7.01.

31

## **CREDIBILITY OF WITNESSES—LAW ENFORCEMENT OFFICERS**[20]

You have heard the testimony of several law enforcement officers.   The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.   You must decide, after reviewing all the evidence, whether you believe the testimony of a particular law enforcement witness and how much weight, if any, it deserves.

---

[20] Sixth Circuit Pattern Jury Instruction 1.07B.

## **WITNESS TESTIFYING TO BOTH FACTS AND OPINIONS**[21]

You have heard the testimony of _____, who testified as to both facts and opinions.   Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept the witness's opinion.   In deciding how much weight to give it, you should consider the witness's qualifications and how he/she reached his/her conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

---

[21]   Sixth Circuit Pattern Jury Instruction 7.03A.

## <u>TESTIMONY OF A WITNESS UNDER GRANT OF IMMUNITY OR REDUCED CRIMINAL LIABILITY</u>[22]

You have heard the testimony of Aries Chisom.  You have also heard that she was granted case consideration in exchange for her cooperation.

"Case consideration" refers to favorable treatment or leniency that a cooperating witness may receive from the Government—such as reduced charges, a lighter sentence, or a dismissal of certain counts—in exchange for providing testimony, evidence, or other assistance in the prosecution of others.  It can include a plea agreement, immunity, sentencing recommendations, or other prosecutorial concessions offered in exchange for the witness's cooperation with law enforcement or testimony against a defendant.

It is permissible for the Government to make such a promise.  But you should consider Ms. Chisom's testimony with more caution than the testimony of other witnesses.  Consider whether her testimony may have been influenced by the Government's promise.

Do not convict the Defendant based on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

---

[22]   Sixth Circuit Pattern Jury Instruction 7.07.

## **INFERRING REQUIRED MENTAL STATE**[23]

Next, I want to explain something about proving the Defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly because no one can read another person's mind and tell what that person is thinking. But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what a defendant said, what a defendant did, how a defendant acted, and any other facts or circumstances in evidence that show what was in a defendant's mind. You may also consider the natural and probable results of any acts that a defendant knowingly did or did not do, and whether it is reasonable to conclude that a defendant intended those results. This, of course, is all for you to decide.

---

[23]  Sixth Circuit Pattern Jury Instruction 2.08.

## DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE[24]

A defendant has an absolute right not to testify.    The fact that the Defendant, Marico Keeling, did not testify cannot be considered by you in any way.    Do not even discuss it in your deliberations.

Remember that it is up to the Government to prove the Defendant guilty beyond a reasonable doubt.    It is not up to the Defendant to prove that he is innocent.

---

[24]  Sixth Circuit Pattern Jury Instruction 7.02A.

## OTHER ACTS OF THE DEFENDANT[25]

You have heard testimony that the Defendant may have a prior conviction for drug trafficking.  You may not consider a prior conviction to conclude that the Defendant has a bad character or that he acted in accordance with that character in connection with the crimes charged in this case.

You may consider evidence of a potential prior conviction only for the limited purpose of providing context for the body-worn camera footage and the statements made by law enforcement.  You may not use it to conclude that the Defendant is more likely to have committed the crimes charged.

Remember, the Defendant is on trial only for the acts alleged in the Second Superseding Indictment.  You must not consider any prior conviction as evidence of guilt in this case.  The Government must prove every element of the offenses charged beyond a reasonable doubt, and your verdict must be based solely on the evidence presented during this trial.

---

[25] USE ONLY IF RELEVANT.

37

## SECONDARY-EVIDENCE SUMMARIES ADMITTED IN EVIDENCE[26]

During the trial you have seen or heard summary evidence in the form of charts, timelines, testimony, or other similar materials.  These summaries were admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

---

[26] Sixth Circuit Pattern Jury Instruction 7.12A.

### **DELIBERATIONS AND VERDICTS—INTRODUCTION**[27]

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

You cannot have your cell phones, laptops, or similar mobile electronic devices in the jury room during deliberations, just as they were not permitted to be brought into the courtroom during the trial.  Such electronic devices must be left in the basket or bag outside of the jury room and will be protected by the court security officer during your deliberations.  You will be permitted to take breaks during the deliberations to use your electronic devices as necessary.  But, as I will explain later, no deliberations can occur during such breaks.

The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it

---

[27]  Sixth Circuit Pattern Jury Instruction 8.01; S.D. Ohio Local Rule 83.2(g).

may take me some time to get back to you.   Any questions or messages normally should be sent to me through your foreperson.

You will be provided with the paper exhibits that were admitted into evidence. If you want to see a physical exhibit that was admitted in evidence, you may send me a message, and the exhibit will be shown to you.

One more thing about messages.   Do not ever write down or tell anyone, including me, how you stand on your votes.   For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.   That should stay secret until you are finished.

## EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE COMMUNICATIONS[28]

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case, either directly or electronically. You may not use any paper or electronic device, including a phone, tablet, or computer or access any application, social-media platform, internet service, text-messaging service or other means, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or otherwise communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me immediately if you become aware of another juror's violation of these instructions.

You may not use electronic or other means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. Even using your smartphones, tablets, and computers—and the news and social-media apps on those devices—may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you have

---

[28] Sixth Circuit Pattern Jury Instruction 8.02.

41

heard about in this courtroom.   You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have.   In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.   Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.   This would unfairly and adversely impact the judicial process.   A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

## **UNANIMOUS VERDICT**[29]

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find Defendant, Marico Keeling, guilty of a particular count, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

---

[29]   Sixth Circuit Pattern Jury Instruction 8.03.

**UNANIMITY REQUIRED**
**DETERMINING AMOUNTS OF CONTROLLED SUBSTANCES**[30]

As I previously noted, the Defendant is charged in the Second Superseding Indictment in Count One with conspiracy to distribute and possess with intent to distribute several controlled substances, specifically substances containing a detectable amount of fentanyl, cocaine, and methamphetamine.  If you find the Defendant guilty of this charge, you will then be asked to determine the quantity of the controlled substances involved in the conspiracy that are attributable to him as the result of his own conduct and the conduct of other conspirators that was reasonably foreseeable to him.  You will be provided with a special verdict form for this purpose.

If you find by unanimous agreement that the Government has proved beyond a reasonable doubt that a quantity of at least 40 grams of a mixture or substance containing a detectable amount of fentanyl was attributable to the Defendant as the result of his own conduct and the conduct of other conspirators that was reasonably foreseeable to him, then please indicate this finding on the special verdict form.  If you do not so find, you will then be asked to determine by unanimous agreement whether the Government has proved a lesser quantity of fentanyl.

You also will be asked to determine by unanimous agreement whether the Government has proved beyond a reasonable doubt that a mixture or substance containing a detectable amount of methamphetamine or cocaine was attributable to

---

[30]  Sixth Circuit Pattern Jury Instruction 14.07(A), (B).

44

the Defendant the result of his own conduct and the conduct of other conspirators that was reasonably foreseeable to him.

The Defendant also is charged in the Second Superseding Indictment in Count Two with distribution of a mixture or substance containing a detectable amount of methamphetamine, in Count Three with distribution of a mixture or substance containing a detectable amount of methamphetamine, and in Count Four with distribution of a mixture or substance containing a detectable amount of fentanyl. If you find the Defendant guilty of one or more of Counts Two, Three, and Four, then you will then be asked to determine the quantity of the controlled substance involved in those counts.

For Counts Two and Three, if you find by unanimous agreement that the Government has proved beyond a reasonable doubt that Count Two or Count Three involved a quantity of at least fifty (50) grams of a mixture or substance containing a detectable amount of methamphetamine, then please indicate this finding on the special verdict form.

For Count Four, if you find by unanimous agreement that the Government has proved beyond a reasonable doubt that Count Four involved a quantity of at least forty (40) grams of a mixture or substance containing a detectable amount of fentanyl, then please indicate this finding on the special verdict form.

In determining the quantity of each controlled substance, you need not find that the Defendant knew that his offense involved the specified quantity of drugs.

45

## DUTY TO DELIBERATE[31]

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.   In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.   Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences.   Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.   In the end, your vote must be exactly that—your own vote.   It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.   So, you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the Defendant guilty beyond a reasonable doubt.

---

[31]  Sixth Circuit Pattern Jury Instruction 8.04.

46

## __PUNISHMENT__[32]

If you decide that the Government has proved the Defendant guilty of a particular crime charged, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.

---

[32]  Sixth Circuit Pattern Jury Instruction 8.05.

47

## **VERDICT FORM**[33]

As I indicated earlier, I have prepared a verdict form that you should use to record your verdict.   I will read over the form with you in a moment.   If you decide that the Government has proved the Defendant guilty beyond a reasonable doubt on Count 1, Count 2, Count 3, or Count 4 as charged in the Second Superseding Indictment, say so by having your foreperson mark the appropriate places on the verdict form.   If you find the Government has proved the Defendant guilty beyond a reasonable doubt as to a particular Count, then you will be asked to determine the quantity of the controlled substances involved in the offense.   If you decide that the Government has not proved the Defendant guilty beyond a reasonable doubt as to a particular Count, then say so by having your foreperson mark the appropriate places on the verdict form and move on to the next Count.

Once you have decided all these issues, your foreperson should then date and sign the verdict form in the place indicated.   After your foreperson signs the verdict form, the other jurors should sign the verdict form in the places indicated.   You should then tell Mr. Miller that you have reached a verdict.

---

[33]   Sixth Circuit Pattern Jury Instruction 8.06.

48

## **VERDICT LIMITED TO CHARGES AGAINST THIS DEFENDANT**[34]

Remember that the Defendant is only on trial for the particular crimes charged in the Second Superseding Indictment.   Your job is limited to deciding whether the Government has proved the crimes charged.

Also remember that whether anyone else should be prosecuted and convicted for these crimes or any other crime is not a proper matter for you to consider.   The possible guilt of others is no defense to a criminal charge.   Your job is to decide if the Government has proved this Defendant, Marico Keeling, guilty of the crimes charged.   Do not let the possible guilt of others influence your decision in any way.

---

[34] Sixth Circuit Pattern Jury Instruction 8.08.

## **COURT HAS NO OPINION**[35]

Let me finish up by repeating something I said to you earlier.   Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved the Defendant guilty of the crimes charged beyond a reasonable doubt.

---

[35] Sixth Circuit Pattern Jury Instruction 8.09.

## **JUROR NOTES**[36]

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.   You should not give your notes greater weight than your independent recollection of the evidence.   You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.   Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

---

[36]  Sixth Circuit Pattern Jury Instruction 8.10.

## FINAL INSTRUCTION ON HOW TO DELIBERATE

You will now retire to the jury room to begin your deliberations.   Before you do, however, I would like to give you a few practical instructions regarding how you should conduct your deliberations.

As I stated previously, when you retire to the jury room, the first thing that you should do is to elect a foreperson.

All of you must be present in the jury room when you are deliberating.   You may take breaks whenever you want—for instance if someone would like to go outside to smoke a cigarette, or check their phone or electronic device, or use the restroom.   But, when any juror needs to take a break, all deliberations must cease. You cannot continue your deliberations until all jurors are present again in the jury room.

If your deliberations extend beyond today, you should decide what time in the morning you wish to start your deliberations.   You may elect to start earlier in the morning if that is more convenient for you.   However, you should start no later than 9:00 a.m.   Remember, you cannot begin your deliberations each day until all of you have arrived.

As I informed you, you may deliberate beyond the hour of 4:30 p.m.   Shortly before 4:30 p.m. Mr. Miller, the Courtroom Deputy, will inquire whether you wish to continue to deliberate to a later hour.   When you are ready to leave for the day, you will come back into the courtroom, and I will give you our regular admonition.

52

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

With that, I will send you back to the jury room to begin your deliberations.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 1:24-cr-114** |
| **v.** | : | |
| | : | |
| **MARICO KEELING,** | : | **Judge Amul R. Thapar** |
| | : | |
| **Defendant.** | : | |

## VERDICT FORM

1(a).    We, the jury, with respect to Count One of the Second Superseding Indictment, conspiracy to distribute and possess with intent to distribute a controlled substance, do find Defendant Marico Keeling:

_____ Not Guilty    **or**    _____ Guilty

**If you answer "Not Guilty" to Question 1(a), then please skip Question 1(b) and proceed to Question 2(a).**

**If you answer "Guilty" to Question 1(a), then please answer Question 1(b) before proceeding to Question 2(a).**

1(b).    With respect to Count One, the amount of the mixture or substance containing a detectable amount of a controlled substance that was attributable to Defendant as the result of his own conduct and the conduct of other co-conspirators reasonably foreseeable to him was (check the appropriate line or lines below):

(i)    _____ Forty (40) grams or more of a mixture or substance containing a detectable amount of fentanyl **or**
    _____ Less than forty (40) grams of a mixture or substance containing a detectable amount of fentanyl

(ii)    _____ A mixture or substance containing a detectable amount of cocaine

(iii)    _____ A mixture or substance containing a detectable amount of methamphetamine[1]

---

[1]  Sixth Circuit Pattern Jury Instructions.   Special Verdict Form § 846—Form 14.07B-2.

2(a).    We, the jury, with respect to Count Two of the Second Superseding Indictment, distribution of a mixture or substance containing a detectable amount of methamphetamine on or about December 9, 2023, do find Defendant Marico Keeling:

_____ Not Guilty     **or**        _____ Guilty

**If you answer "Not Guilty" to Question 2(a), then please skip Question 2(b) and proceed to Question 3(a).**

**If you answer "Guilty" to Question 2(a), then please answer Question 2(b) before proceeding to Question 3(a).**

2(b).    With respect to Count Two, the amount of the mixture or substance containing a detectable amount of methamphetamine was (indicate answer by checking one line below):

\_\_\_\_\_ Fifty (50) grams or more **or**

\_\_\_\_\_ Less than fifty (50) grams[2]

---

[2]   Sixth Circuit Pattern Jury Instructions.   Special Verdict Form § 841—Form 14.07A-2.

3(a).  We, the jury, with respect to Count Three of the Second Superseding Indictment, distribution of a mixture or substance containing a detectable amount of methamphetamine on or about December 19, 2023, do find Defendant Marico Keeling:

_____ Not Guilty     **or**        _____ Guilty

**If you answer "Not Guilty" to Question 3(a), then please skip Question 3(b) and proceed to Question 4(a).**

**If you answer "Guilty" to Question 3(a), then please answer Question 3(b) before proceeding to Question 4(a).**

3(b).  With respect to Count Three, the amount of the mixture or substance containing a detectable amount of methamphetamine was (indicate answer by checking one line below):

_____ Fifty (50) grams or more **or**

_____ Less than fifty (50) grams

4(a).   We, the jury, with respect to Count Four of the Second Superseding Indictment, distribution of a mixture or substance containing a detectable amount of fentanyl on or about December 19, 2023, do find Defendant Marico Keeling:

_____ Not Guilty   **or**   _____ Guilty

**If you answer "Not Guilty" to Question 4(a), then please skip Question 4(b) and proceed to sign and date the Verdict Form.**

**If you answer "Guilty" to Question 4(a), then please answer Question 4(b) before proceeding to sign and date the Verdict Form.**

4(b).   With respect to Count Four, the amount of the mixture or substance containing a detectable amount of fentanyl was (indicate answer by checking one line below):

\_\_\_\_\_ Forty (40) grams or more **or**

\_\_\_\_\_ Less than forty (40) grams

**PLEASE SIGN AND DATE THE VERDICT FORM.**

Date:_____

_____
Foreperson, Juror #\_\_\_

_____
Juror #\_\_\_

_____
Juror #\_\_\_

_____
Juror #\_\_\_

_____
Juror #\_\_\_

_____
Juror #\_\_\_

_____
Juror #\_\_\_

_____
Juror #\_\_\_

_____
Juror #\_\_\_

_____
Juror #\_\_\_